## RYDER vs. ADAMS ET AL.

Actions for false imprisonment in consequence of affidavits made by creditors in suits against their debtors should be cautiously entertained, and clear proof is requisite of intention to oppress by resort to a legal remedy to enforce a just claim.

The plaintiff in this suit was the defendant in another, in which judgment had been rendered against him; an appeal staying execution had been taken, and he had subsequently been arrested and imprisoned during one day on an affidavit falsely and maliciously taken, as is alleged, by Kilkenney, as the agent of Mrs. Adams, the plaintiff in that suit, and with Kilkenny, the defendants in the present action. One thousand dollars in damages were claimed for this false imprisonment.

The defendants pleaded the general issue, denied all malice, and averred the legality of their proceedings.

It appeared on the trial, that the plaintiff had resided in the city of New-Orleans for several years; was the reputed owner of a grocery and of several slaves, and had manifested no disposition to leave the city. He had a short time previously confessed judgment for two hundred dollars. Judgment was rendered against the plaintiff, and he appealed.

PORTER, J. delivered the opinion of the court.

This is an action for false imprisonment. The plaintiff was arrested on an affidavit made by Kilkenney, who was the agent of Mrs. Adams. He swore that Ryder was about to remove from the state of Louisiana, without leaving therein sufficient property to satisfy the demand which the defendant, Mrs. Adams, had against him.

This oath is charged to have been falsely and maliciously taken. The facts which appear on the record establish, that at the time the present plaintiff was arrested, judgment had already been obtained against him, from which judgment he had taken a suspensive appeal, and furnished security to satisfy the decree of the appellate tribunal. He had a grocery store though not of extensive kind, and was the owner of a family of slaves which he had purchased of the defendant, Adams, and had paid for them eight hundred and fifty dollars. Persons who profess to have enjoyed his intimacy, and who were acquainted with him, swear that they had no idea he intended to leave the state at the time he was arrested. On the other hand, it is shown that a short time after the imprisonment, the plaintiff was sued for a debt of two hundred dollars, and that he confessed judgment for the amount claimed.

On the facts, the judge below gave judgment for the defendants, and we are unable to say it should be reversed. It is true that the remedies given by law to creditors to enforce their claims ought not to be wantonly and oppressively exercised; and it is also true that from want of probable cause,

EASTERN DIS.
*March*, 1833.

Actions for false imprisonment in consequence of affidavits made by creditors in suits against thei debtors should be cautiously entertained, and clear proof is requisite of intention to oppress by resort to a legal remedy to enforce a just claim.

malice may be presumed.   But actions of this kind should be cautiously entertained, and the proof should leave the mind free from doubt, that the resort to a legal remedy, to enforce a just claim, was to oppress the defendant.   That produced here has not had such effect on us.   The circumstance of security being already furnished on the appeal bond has weighed most with the court.   It is asserted, but not proved, - that the surety on the bond has since become insolvent, and has absconded.   Admitting he was a responsible person, and such as the law requires, and such we must take him to have been, still the plaintiff in the former suit had a right to the responsibility of the appellant also, and to take all means to secure it.   The fact of a man in such business as the plaintiff is stated to be, suffering himself to be sued for a just debt for so small a sum as two hundred dollars, certainly shows a state of his affairs, which if known to the defendants, would have furnished good cause for suspicion that he was not solvent; and from that conclusion the inference is not strained, that he may abscond.   On the whole, we do not feel authorised to reverse the judgment below; and it is, therefore, ordered, adjudged and decreed, that it be affirmed, with costs.

*Preston*, for appellant.      *L. C. Duncan*, for appellee.