MONDAY, MARCH 4th.—On this day, P. A. ROST and GEORGE EUSTIS, who were recently appointed Judges of this Court, appeared, and after having taken the oaths prescribed by law, took their seats on the bench; Judge MARTIN, the senior Judge, presiding. The commissions of the new Judges having been read in open Court, and it appearing that they bore date the same day, the Judges are required by law to sit by seniority of age; Judge ROST being the senior, took his seat on the right, and Judge EUSTIS on the left of the presiding Judge.

The Court at this date consists of

The Honorable FRANÇOIS XAVIER MARTIN,

"        "        P. A. ROST,

"        "        GEORGE EUSTIS.

---

### ESCURIX *vs.* DABOVAL.

EASTERN DIST.
*March*, 1839.

═══════════

ESCURIX
*vs.*
DABOVAL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, FOR THE PARISH OF ST. JAMES, THE JUDGE OF THE FOURTH PRESIDING.

A judgment creditor is liable in damages, in an action for the false imprisonment of his debtor on a *ca. sa.*, if the writ issues *illegally ;* but where no malice is shown, and the party might have been easily mistaken in taking out his writ, if considerable damages are given, the court will grant a new trial.

So, where the creditor, without malice shown, took out his *ca. sa.*, on advice of his counsel, and imprisoned his debtor for twenty days, and the jury gave three thousand dollars in damages for false imprisonment, the court ordered a new trial, and said, " had there been a plea of prescription on the part of the defendant, it would have been noticed, and without expressing an opinion as to its effect, suggest that it be filed before the next trial."

This is an action to recover damages for false imprisonment. The case was before this court in February, 1835,

and remanded for a new trial. The facts of the case are stated in the former trial in this court. See 7 *Louisiana Reports*, 575.

The present defendant having obtained a judgment against Escurix, the plaintiff in this suit, caused execution to issue thereon, in which a slave was seized and sold, and the proceeds of sale was enjoined in the sheriff's hands by the wife of the debtor. Escurix, the debtor, having gone from the parish of St. James, where the judgment was rendered, to Ascension, Daboval took out an execution directed to the sheriff of 'that parish, which was returned *nulla bona*. He then, on the advice of his counsel, caused a *ca. sa.* to issue, upon which Escurix was imprisoned about twenty days, and gave a bond for the prison limits. He afterwards, by his counsel, had the writ of *ca. sa.* quashed, on motion before the District Court in the parish of St. James, and set aside as having illegally issued. See 8 *Louisiana Reports*, 96.

Escurix then commenced his action against Daboval for false imprisonment, and claimed three thousand dollars in damages.

On the return of the cause from this court it was again submitted to a jury, on all the evidence and facts exhibited by the parties.

The judge charged the jury, that the whole question turned upon the legality or illegality of issuing the writ of *capias ad satisfaciendum*.

The defendant's counsel requested the judge to charge the jury, that "even if the issuing of the *ca. sa.* was considered illegal, yet the jury could only find such special damages as were proved, unless they were convinced the defendant was actuated by malice; and that the allowance of smart money, or vindictive damages, could only be found, when the jury were clearly convinced that the defendant was actuated by malice in imprisoning the plaintiff." This part of the charge was refused, and the defendant took his bill of exceptions to the refusal of the judge.

The jury returned a verdict of three thousand dollars in damages for the plaintiff. After an unsuccessful attempt to obtain a new trial, the defendant appealed.

*J. Seghers,* for the plaintiff, urged the affirmance of the judgment.

Eastern Dist.
*March,* 1839.
═══════
ESCURIX
*vs.*
DABOVAL.

*Ilsley* and *Nichols,* for the defendant, insisted that the damages were excessive, and were wholly unsupported by the evidence and the nature of the case. Various other matters were urged in mitigation, and in defence of the action.

*Eustis, J.,* delivered the opinion of the court.

This is an action of damages for false imprisonment. The plaintiff complains that he was arrested on the second day of October, 1832, under a writ of *capias ad satisfaciendum,* illegally issued by the defendant; that he was imprisoned for more than five weeks under said writ, and having given security for the prison limits, which are co-extensive with the parish of Ascension, that he was detained there for ten months, his place of residence being in the parish of St. James at the time; there are the usual charges of malice on the part of the defendant, in relation to this imprisonment and detention, and the injuries stated to have resulted therefrom, are alleged to have been of the most serious kind to himself and family.

A jury on a previous trial gave the plaintiff three thousand dollars damages; but in an appeal to this court, the judgment was reversed, and the cause remanded, in order to enable the defendant to avail himself of certain matters of defence of which he had been deprived in the court below.

On a second trial, a verdict for the same amount has been given; the court below refused the defendant a new trial, and gave judgment for the amount of the verdict; from this judgment the defendant has appealed.

When this cause was before this court at a previous term, the only matter for its consideration was the point before stated; no question was made or decided as to the amount of the damages.

The plaintiff was taken into custody on the 2d of October, 1832; he was detained until the 22d of that month, when he was released, on giving bonds to keep the limits assigned

EASTERN DIST.
March, 1839.

ESCURIX
vs.
DABOVAL.

A judgment creditor is liable in damages in an action for the false imprisonment of his debtor on a ca. sa., if the writ issues *illegally*; where no malice is shown, and the party might have been easily mistaken in taking out his writ, if considerable damages are given, the court will grant a new trial.

So, where the creditor without malice shown, took out his ca. sa. on advice of his counsel, and imprisoned his debtor for twenty days, and the jury gave three thousand dollars in damages for false imprisonment, the court ordered a new trial and said, "had there been a plea of prescription on the part of the defendant, it would have been noticed, and without expressing an opinion as to its effect, suggest that it be filed before the next trial."

for debtors in such cases. Admitting that the writ was illegally issued, on the plaintiff executing his bond, he was at large, and under no restraint of which he can complain. If the writ was illegally issued, the bond taken out under it was void, and his remaining in the parish of Ascension afterwards was, with him, a matter of choice.

The writ was returned on the 2d of October, 1833, and certain proceedings were commenced on the 21st of October of that year, (a year less a day after he was released from custody,) in order to test its validity.

If the writ was illegally issued, the confinement during twenty days, in the month of October, 1833, was illegal, and as the defendant is bound to answer for the validity of the writ, he is liable to the plaintiff for damages. The amount of these damages is a question on which we have not been able to agree with the judge of the court below and the jury. We see nothing in the facts of this case but an attempt on the part of the defendant, a creditor, to obtain by process of law from his debtor, the plaintiff, the payment of a just debt, which the latter, up to this time, has been able to defeat. Nothing that we find in the whole evidence shows any malice on the part of the defendant. The writ was issued on the advice of his counsel, and although it has been determined that the writ was illegally issued, its illegality is very far from being clear and evident, and we consider it a subject about which a creditor may easily have been mistaken, and counsel may have well differed in opinion. Under this view of the case, we think the judge erred in refusing the new trial asked by the defendant. Had there been a plea of prescription on the part of the defendant, we should have noticed it, and without expressing any opinion as to its effect, we suggest that it be filed before the next trial of the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, the verdict set aside, and a new trial granted; and it is further ordered, that the case be remanded for further proceedings, according to law, the appellee paying the costs of the appeal.