HON. F. P. POCHÉ,
HON. R. B. TODD,
HON. WM. M. LEVY,
HON. C. E. FENNER,

} *Associate Justices.*

---

### No. 7244.

BENITO VINAS vs. THE MERCHANTS' MUTUAL INSURANCE COMPANY.

A party may allege fraud in his pleadings, in a civil suit, for the purposes of his case, without thereby rendering himself liable in damages for slander, when he has made the charge in good faith, without malice and under a state of things from which the fraud could reasonably be inferred. The authorities on this point reviewed.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

---

*George L. Bright* for Plaintiff and Appellant:·

We submit we have shown:

First—That an Insurance Company who charges a claimant with fraud when he seeks to recover a loss upon a policy is liable in damages for slander and libel.

Second—That all the facts recited in the petition are proved.

Third—That the wrong done the plaintiff is aggravated by the fact that the Insurance Company procured a notorious vagabond, unworthy of belief, to substantiate the false charge they had made.

*Albert Voorhies* for Defendant and Appellee :

First—This being an action for malicious prosecution, plaintiff must allege and prove—first, the falsity of the charge;—secondly, malice on part of defendant,—and, thirdly, want of probable cause.

Second—Plaintiff has not alleged want of probable cause, and has failed to prove either of the above three requisites.

80

Third—The judgment in the original suit is not *res judicata* in the subsequent suit for malicious prosecution, since the demand is not the same, nor is the cause of action the same.

Fourth—A corporation is responsible for damages, caused by its agents in the discharge of their duties; but it cannot commit a crime or offence : its officers, who have done so, are personally responsible *civiliter*.

Fifth—The overruling of an exception that a corporation cannot be sued for damages *ex delicto*, does not determine that plaintiff has a cause of action; but the whole case comes up upon the merits.

Sixth—A defendant cannot be made liable for averments pertinent to the issue in defense of a suit against them. This is a privileged communication under the policy of the law.

Seventh—Fraudulent over-valuation proven by showing that the property was worth less than half the valued insurance, and the insured attempting to pass as new old and second-hand boilers.

Eighth—To impeach a witness, the proper question is whether, from his reputation for truth and veracity, he is to be believed on oath. The answer that, from his reputation generally, or from knowledge of his character, he cannot be believed under oath,—is essentially defective and inadmissible.

Ninth—Under the general issue, on a suit of damages for malicious prosecution, the truth of the charge is at issue.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff claims of the defendant $20,000 damages for libel and defamation of character.

He alleges that he insured with the defendants two steam boilers of the value of $3500, and that, when he claimed the loss, the defendants charged him with *fraud,* with an attempt to defraud them, and that they procured a false witness, wholly and notoriously unworthy of belief, to defame him and establish their false defense.

The suit was instituted on the 7th of October, 1869.   The defendants pleaded no cause of action, in this : that a corporation cannot be made responsible for damages *ex delicto*.   The District Court maintained the exception.   The Supreme Court reversed the judgment and remanded the case.

Joining issue, the defendants then answered : that the allegations in the answer to the suit which the plaintiff had brought in 1867 against them on the policy of insurance, were made in good faith, and were based upon what they considered to be the truth; that they had good reason to believe the said allegations to be true and still believe them to be true.

The case was tried by a jury who, after a charge, rendered a verdict against plaintiff.   Thereupon the court pronounced judgment in favor of the defendants.   The plaintiff appeals.

Technically, this is an action for malicious prosecution.   If not identical in all its features, it is at least germane to it and resembles it very much.

It is possible that we would have the power of reviewing the judgment of the Court as reported in 27 An. 367, overruling the exception of no cause of action and remanding the case, such judgment being merely

interlocutory and revisable until the determination of the case on its merits, but we deem it unnecessary to exercise that power. It is proper, however, that we should state that we do not consider that the Court then decided that the petition disclosed a cause of action, and that we are of opinion that it only declared that corporations are not protected from civil prosecutions for damages *ex delicto*. We reach this conclusion as the exception was merely: that the facts alleged in the petition (if true, which was, however, not admitted, except for the purpose of the exception), do not constitute a ground of action, *as* a corporation cannot be made responsible in damages *ex delicto*. The exception did not otherwise assail the sufficiency of the petition, which can be certainly charged after all the evidence has been admitted and the case on appeal.

The defense set up in consequence by the defendant is, not only that the plaintiff has neither alleged nor proved *want of probable cause,* but that the evidence in the record shows : absence of malice, good faith and justification, in setting up the defense raised at the time—under the circumstances then in existence.

We do not consider that it was incumbent on the plaintiff to allege and prove the *falsity* of the charge of *fraud and malice* on the part of the defendant, and *want* of probable cause. It was sufficient for the plaintiff to have proved, as he has, the use of the language charged and it then rested on the defendant to establish exoneration from liability, for some valid reason.

The charge of fraud made by the defendant at the time of the institution of the suit on the policy, was pertinent to the issue and could be asserted with impunity, provided it were made in good faith, with probable cause, to be ascertained from the surrounding circumstances, and a state of facts honestly believed to be then in existence.

We have considered the evidence in the case, and think with the jury that the defendants were not actuated by malice, that they acted in good faith and were justified from the condition of things, to infer that the plaintiff had been guilty of misrepresentation at the time the insurance was effected on the boilers.

In Cook's Law of Defamation (marg. p. 60, Law Library, vol. 22), the rule is laid down :

" The proceedings connected with the judicature of the country are so important to the public good, that the law holds that nothing that may be therein said with probable cause, whether with or without malice, can be slander; and in like manner, that nothing written with probable cause, under the sanction of such occasion, can be libel."

Townsend, in his work on Slander and Libel, 2d. ed. § 221, says, that the right of appealing to the *civil* tribunals is more extensive than the

right of appealing to the criminal tribunals and that, according to the better and prevailing opinion, whatever a party may allege in his pleading as, or in connection with his ground of complaint, can never give a right of action for slander or libel. The immunity thus enjoyed by a party complaining, extends also to a party defending.

Those principles appear to have been recognized in the jurisprudence of this State. 6 N. S. 477; 21 An. 375; 28 An. 436; 14 An. 406.

The failure to succeed is not evidence of malice or of want of probable cause. 3 R. 18; 34 Ala. 336; 13 Gray, Mass., 201; 98 U. S. 187; 1 Hilliard on Torts. See, also, 5 La. 318; 13 La. 90; 15 La. 280; 12 An. 335; 530, 714; 6 An. 178; 13 An. 274; H. D. p. 823, No. 6.

The question of probable cause depends upon the party's honest belief, based upon reasonable grounds. 66 N. Y. 526; 32 An. 511; Cooley on Torts, p. 181; 2 Tredell Law, N. C. 236; 8 Dana, Ky., 310; 26 Ala. 616; 33 Vermont, 489.

The plaintiff says in his testimony that the boilers were new, and that he bought them as such, at Bagdad, for upwards of $2000.

The custom-house certificate, which was offered and introduced in *this* suit, and which was not produced on the trial of the suit on the policy, mentions them as *dos calderas de vapor usadas*, as part of the cargo of the " Matias," bound for New Orleans. Witnesses heard on behalf of plaintiff show that the boilers were second-hand. They had previously served on a steamer which had wrecked, had been inventoried and had been sold with other articles at auction for $125. A witness, whose testimony the plaintiff violently assails as that of a vagabond, unworthy of belief, declares also that the boilers were not new and had been repaired at the foot of his wharf. His testimony is not indispensable.

The defendant has shown that the boilers, *if new*, would have been worth $2868, including the steam and mud drum, valued at upwards of $1200, leaving as the value of the boilers $1668.

It may be, that, on the trial of the suit on the policy, the defendants did not establish fraud to the satisfaction of the court, but such omission does not necessarily require them to be mulcted in damages. In the opinion delivered in that case, and which is unreported, the Court merely said : " An over-valuation is not even established with any certainty, but if it were, it would not, in itself, be proof of fraud."

The defendants may have failed to prove the fraud charged and, in consequence, may have lost the case; they may, as they were, have been condemned in damages for a frivolous appeal, but they do not, on that account, *necessarily* become liable in the present action. What was not there shown, could be, and was in this case, established.

We find that the charge complained of was made on an issue pertinent to a case in which the defendants were parties, in good faith, with

probable cause, and under circumstances which suggested and justified it at the time. See Stewart vs. Sonneborn, 98 U. S. 191.

This was a suit peculiarly within the province of the jury. We have read the charges given to them by the court, to which no exception was taken, and we think that the verdict and the judgment upon it have done justice to the parties.

It is, therefore, ordered that the judgment appealed from be affirmed with costs.