Nos. 9490 AND 9491.

THE STATE EX REL. CHAS. N. ROTH VS. JUDGE OF TWENTY-THIRD DISTRICT COURT.

( Consolidated. )

An order of court, authorizing the seized debtor to release his property from seizure on bond, although rendered on a rule contradictorily between the parties, is not a final judgment, but an interlocutory decree, from which no appeal lies unless such judgment may cause an irreparable injury to the party against whom it is rendered.

Section 3411, Revised Statutes of 1870, which authorizes the release on bond of property under seizure, applies to all executions, to seizures under executory process, as well as to executions under writs of *fieri facias*.

A seized debtor, who applies for permission to bond his property either from seizure or sequestration, cannot be required as a condition precedent to pay judicial costs or expenses incurred by the sheriff for keeping or cultivating the property pending the seizure.

The defendant owes no costs until final judgment on the controversy.

The right of appeal from an order setting aside on bond a writ of sequestration, depends alike on the irreparable injury which the order may cause to the party obtaining the sequestration.

APPLICATION for Mandamus and Prohibition.

---

*D. N. Barrow* for the Relator.

Respondent Judge *propria persona*.

The opinion of the Court was delivered by

POCHÉ, J. These two cases, involving rights of the same nature and between the same parties, have been consolidated, and are predicated on the following salient facts:

The relator, as holder of a mortgage note of J. F. Neely, obtained an order of seizure and sale against the property burdened with the mortgage, and pending the delays intervening before actual seizure, sued out a writ of sequestration against the same property.

After enjoining the execution of the writ, the defendant obtained, contradictorily with the seizing creditor and the sheriff, an order authorizing him to bond the property under the provisions of section 3411 of the Revised Statutes, and an order setting aside the sequestration on bond under the provisions of article 279 of the Code of Practice.

The judge's refusal to grant him an appeal from both orders is the subject-matter of relator's complaint.

In reference to the order releasing the defendant's property from seizure under the executory process, relator submits the following propositions :

1st. That the decree ordering the release of the property on bond, is a final and not an interlocutory judgment.

The real issue between the parties was the relator's right to seize and sell the defendant's property. A final judgment in the case would be such as would decide that, as well as all other points in controversy between the parties. C. P. 539.

The only question involved in, and the only controversy settled by, the order complained of was the right of defendant's retaining possession of the property pending the seizure.

It was only a preliminary matter, and the judgment which decided it was, therefore, an interlocutory judgment ( C. P. 538 ), from which no appeals lies unless it may cause irreparable injury to the party against whom it was rendered. C. P. 566.

2nd. Hence relator's second proposition is that the judgment thus rendered against him would cause him irreparable injury, and he supports his assertion by the argument that section 3411, Revised Statutes, has no reference to executions under executory process, but only to executions under writs of *fieri facias*, that therefore there is no law authorizing the order complained of, and that the bond furnished thereunder is invalid and valueless, thus leaving relator without remedy for the injury which he might sustain under the effect of the order of release.

Under a proper construction of the only issue involved in the proceeding for mandamus, with a view to coerce the district judge to grant an appeal, the validity of his interlocutory judgment, is not ripe for discussion, as such a revision could only be made on appeal. Our jurisprudence has crystallized the rule that in cases where the debtor

has furnished the bond required by law and fixed and accepted by the court, the damages resulting from the releasing order cannot be considered as irreparable, for the plain reason that the bond of the debtor stands in lieu of the property, and is sufficient in law to hold the seizing creditor harmless against all the injuries which he may suffer under an illegal or improvident order of release. These considerations would afford a sufficient answer to the argument touching the irreparable injury to which he is exposed under the order which he seeks to, annul and set aside.

But as the discussion has been met without objection by counsel for the respondent, we have considered the contention, and we reach the conclusion that it has no force.

Section 3411 of the Revised Statutes of 1870, is taken from Act No. 91 of 1842, which is entitled, "An Act to fix the time for making sheriffs' and coroners' sales and for other purposes."

The first section prescribes the mode of effecting all sheriffs' and coroners' sales, without exception and restriction. The second section vests the right of bonding their property to the defendants *in execution*, without definition or qualification of the modes of execution. We fail to see, either in the title or in the tenor of the act, any language or intimation justifying the suspicion that the law maker intended to restrict the provisions of the second section of the act to executions under writs of *fieri facias*, and to exclude from its operation seizures made by way of executory process.

In the absence of such language the unavoidable legal inference must be that the law maker meant precisely what he said, and that the law applies to all the executions without reference to the nature of the writ or mode of proceeding. Any doubt on the subject would be removed by the provisions of Article 745 of the Code of Practice, which prescribes the same mode of execution under executory process, as that which prevails for the sale of property seized in execution. A similar question was recently considered by this Court, and similar views were expressed in the case of E. Martin, tutor, vs. Lake, sheriff, et al., decided at Shreveport and not yet reported.

3rd. The point that the judge should have required the seized' debtor to refund to the sheriff the costs of cultivating the plantation since the date of seizure, as a condition precedent to his right of releasing the same on bond, finds no better support in law or in jurisprudence. The defendant owes no costs until he has been cast in the suit. C. P. art. 549, Fink, executor, vs. Martin, 10 Rob. 147.

The same considerations dispose of the argument touching the crops growing on the plantation pending the seizure.

All these questions necessarily remain undecided until the final determination of the controversy between the parties. The order to bond being legal, the bond being sufficient, all of relator's recourse for damages, for expenses of cultivation, costs of suit, and for any and all incidental claims whatsoever, must in law be restricted to the bond.

We therefore conclnde that the judge did not err in refusing the appeal prayed for from his order authorizing the release of the debtor's property from seizure.

The writ of sequestration which had been obtained avowedly in aid of the order of seizure and sale, must share the same fate as the latter, in so far as the order setting it aside on bond is concerned.

In support of his right of appeal from that order, relator contends in substance: 1st. That the order will cause him irreparable injury. That argument is practically answered by our foregoing reasons on the question of the order of seizure; 2nd. He contends that an appeal lies absolutely from such an order, without consideration of the nature or extent of the injury which may possibly be occasioned thereby. And for sole support of his argument he quotes the following language from our opinion in the case of Street, 35 Ann. 515:

"Now it is settled that plaintiffs and defendants have a right to take a suspensive appeal from an order permitting the bond ing of property seized by *mesne process*." But that expression must be read with the statement in the following paragraph of the opinion, which reads thus: "By being divested of the possession of the mare sequestered in his hands, the relator may sustain an irreparable injury, just as considerable as that which either of the other parties might suffer." It is thus apparent that the opinion conforms to the established rule in such cases, which subordinates the right of appeal to the consideration of the possibility of irreparable injury, in consequence of the authorization to bond the property sequestered.

There is no error in the refusal of appeals in both cases by the district judge, and his ruling must therefore be upheld.

It is therefore ordered that the preliminary writs and restraining orders issued in these cases be set aside and cancelled, and that relator's applications for peremptory writs of mandamus and prohibition be denied at his costs.