'No. 13,340.

THOMAS J. WORDEN vs. COONEY B. FISHER.

'SYLLABUS.

*Plaintiff's Burden in Matter of Title to Land.*   In order to obtain a judgment, by course of law, against one in possession, plaintiff must show a title as valid as any title the defendant can plead, whether it be his own or some one else's.

*One in Possession, Under Title, Holds until a Better Right is Shown.* Defend-
ant who has a title, on its face, just and for value, may avail himself, in
defense, of any defect in the title opposed to his.
*Plaintiff Has No Title.* The property in dispute was not subject to sale, and,
therefore, plaintiff acquired no title.
*Tax Title and Grant by the State to the Levee Board.* Without title, plaintiff
has no right to object to defective tax title, or to the incomplete recogni-
tion of a grant on the part of the authorities representing the State, if
incomplete.
*Damage.* Demand for additional damages not allowed.

A PPEAL from the Tenth Judicial District, Parish of Avoyelles.
*Lafargue, J.*

*William Harris Peterman* for Plaintiff, Appellant.

*Joseph Clifton Cappel* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J.   In this petitory action, plaintiff seeks to recover from
the defendant the east half of the northeast quarter and the south
half of section 19, T. 2, S. R. 6 E., and five thousand four hundred and
sixty-two dollars for cypress trees alleged to have been cut by defend-
ants on these lands.

Plaintiff in this suit obtained a writ of sequestration under which
a number of trees were seized.

Defendant pleaded the general issue, and, in addition, specially
denied the validity of plaintiff's title, and alleged that at the date
plaintiff's patent was issued to him, the State had already parted with
her title and that, he, defendant, had acquired a title in good faith.
The defendant company alleged that the State transferred the lands
to the Levee Board, and that on the seventh (7th) of August, 1894,
the Board transferred it to Trist, and that Trist conveyed the title to
Fisher, and that Fisher sold it to "The Fisher Land and Improvement
Company," the defendant.

Defendant prayed for judgment in reconvention in the sum of one
thousand dollars.

With reference to the facts in this case, it appears that defendant's
title begins with the assessment of the land in the name of J. A.
D. Tureaud, for the years 1881 to 1886 inclusive. That Tureaud
having become a delinquent tax payer, his property was adjudicated

to the State in 1885. In 1889, the sheriff and *ex-officio* tax collector (acting under the provisions of Statute 80 of 1880 authorizing him to sell at public auction, property adjudicated to the State for delinquent taxes and not redeemed within the time prescribed) conveyed it to J. H. Bemiss.

The State of Louisiana brought suit to annul the title to Bemiss, and the title was annulled in that suit and the State's title was sustained. The decree of the Supreme Court, recognizing the State's title, was rendered in May, 1892.

The title of plaintiff, on the other hand, rests upon a certificate of entry dated May 31st, 1894, and a patent confirming the certificate dated June 6th, 1895.

We have noticed that the title from the Auditor to the Levee Board conveyed the property to N. P. Trist. Both plaintiff and defendant trace their title to the State. The decree appealed from rejected plaintiff's demand and recognized defendant's title. It set aside the sequestration and awarded counsel fees to the defendant in the matter of dissolving the sequestration.

Plaintiff appeals.

It is true that the adjudication to the State has nothing to rest upon save the delinquent taxes assessed to Tureaud, but this adjudication is of a date long anterior to the date of plaintiff's certificate and patent. Defendant has, in defense, at least a color of title under the tax deed to oppose to plaintiff's claims, even if the defendant company be restricted to the right acquired by the State under the adjudication to her for taxes, though the lands were assessed in the name of one who was not the owner.

A plaintiff must make out his title satisfactory on all points, and, although the land was not assessed in the name of the owner when it was adjudicated to the State, it can not be of any cor ern to the plaintiff unless he has a title. As the land has been set aside by the State, and when the Register of the Land Office signed the deed to plaintiff for another purpose than its sale, it follows that plaintiff acquired no right and had none to oppose to the defendant who was in possession under a title apparently good and valid.

But this is not the only right the State had. The land was hers prior to the sale she made to Tureaud, and when the title to Tureaud was cancelled, the State resumed her rights as owner.

The Statute creating the Levee Board and providing the manner by

Worden vs. Fisher.

which to raise a revenue for levees and drainage purposes was amended in 1892, and, in order to raise additional funds, all lands belonging to the State embraced within the limits of the district, whether originally granted by the Congress of the United States to the State or forfeited to, or bought by, the State for the non-payment of taxes, were conveyed to the Levee Board. This segregated these lands from the public lands of the State.

The title, we take it, had passed from the State to the Levee Board at the time that the property was transferred to Trist. It is true that the Auditor and Register of the State Land Office are both the selected agents to convey to the Board of Commissioners, by proper deed, the lands granted to the Board *"whenever, from time to time, the State Auditor or Register of the State Land Office, or either of them, is requested by the Board or its President,"* and that under the statute both should sign the deed of conveyance.

Plaintiff urges that there is no proof that the Board or its President requested either the Auditor or the State Register to make the conveyance to it (the Board) of the land under the provision of the statute just quoted, and he contends that such a request is indispensible in putting the act into operation. This is met, we think, by the fact, that the Board received the purchase price from the one to whom it afterward sold the property (Trist). It appears that the amount has been placed to the credit of the Levee Board. This is a complete ratification, if such ratification was necessary.

This body, the only authority concerned, could not be heard at this time to urge that no request, as required, was made to convey the land in accordance with the provisions of the above cited statute. A third person, we take it, has no more right to urge this objection than the Board itself would have, and this third person is bound by the Board's receipt of the price from Trist and consequent ratification, as well as the Board.

The purchaser, Trist, having paid the purchase price and it having been forwarded to the Auditor of Public Accounts of the State to be audited and placed to the credit of the Board, is no longer exposed to a loss of his rights as owner in this suit by plaintiff. He can not be placed in the position of having no title, though his vendor holds the price which it does not propose to return.

While it may be that the Board of Levee Commissioners could not have been compelled to accept title to these lands, however, having

accepted the deed made out by the Auditor and having sold the land, there is complete acceptance and nothing more suggests compulsion of the Board or failure of the Board to accept title.

Plaintiff, in the second place, attacks the conveyance to the Levee Board because it rests upon the signature of the Auditor alone and he invokes the provisions of the section of the amending act before cited, as requiring a conveyance by the Auditor and Register of the State Land Office in the name of the State. He earnestly contends that there can be no conveyance unless signed by both Auditor and Register of the State Land Office. This, we think, we have answered by reference to the fact that the Board has accepted the price. More-over, the State, at the time and by the terms of the Statute 46 of 1892, donated completely all the lands within the district, as before stated. From the date of the Statute, for the purpose mentioned in it, the title became absolutely vested in the Board. Though there were methods provided by its terms to complete the donation, the fact remains that the title was placed in the name of the Levee Board.

It happens, we have seen, that plaintiff obtained a certificate, and, afterward, a patent to the land donated. He, thereby, could acquire no right whatever to the land, and he, therefore, has no standing in court to have defendant's deed annulled on the grounds he urges. He is without authority to champion the rights of the State, or the Levee Board. As to himself, if he were to succeed in sustaining his position in this case, the land could not be decreed to be his.

The absence of the Register's signature did not have the effect for which plaintiff contends. The failure to comply with a matter of form is not of such a nature as to divest the Levee Board of the land conveyed.

In order to recover, plaintiff must make out a title. In this he failed. He alleged and proved that his title was issued to him by the State. This right he could not acquire under the plain provision of the Statute. Plaintiff further contends, though he is absolutely with-out title in himself, that, under the previous provisions of the Statute, the conveyance from the State to the Levee Board could only have effect from the time it was recorded in the parish wherein the lands named in the act are located. Upon this point we are not disposed to coincide with plaintiff. It must be borne in mind that this is not a controversy regarding title obtained from the same author or from any one, as relates to plaintiff, from whom he could acquire the least

right. The State had parted with its title by conveying to Trist, and possession and delay, in recording deeds, did not suspend the operation of the Statute, intending to effect an immediate conveyance of the land.

Defendant unquestionably has a title, and to set it aside, plaintiff must show that he has a superior right as owner. *Causa idonea transferendum dominum.* Even against one having only a *prima facie* title or right, plaintiff must make out a title. *In pari casu potior est conditio possidentis.* Here there is no trial of title at all, as plaintiff has no title.

This brings us to defendant's claim for damages pleaded in reconvention and renewed on appeal in the answer to an appeal asking for an amendment of the judgment by increasing the amount of the damages allowed by the District Court. We have not found that defendant has suffered more damages than was allowed by that court. Owing to error, he, the plaintiff, had gotten an illegal instrument of conveyance upon which he rested his right. Waiving that error, he would have had the right to proceed by way of sequestration as he did. The facts do not show that defendant suffered anything by the seizure of the logs.

Though a sequestration be illegal, it does not follow that the defendant must be reimbursed in damages when the preponderance of proof does not show that he has been damaged.

The law and the evidence being in favor of the defendant, the judgment is affirmed.