(37 South. 620.)

No. 15,410.

NETTER v. REGGIO et al.

(Dec. 5, 1904.)

SUPREME COURT — JURISDICTION — RECONVENTIONAL DEMAND—AMOUNT IN CONTROVERSY—TRANSFER OF CAUSE.

1. The amount in dispute between plaintiff and defendant is $493, the price of adjudication of four lots of ground sold at public auction, and said amount is far below the minimum of our jurisdiction.

2. A third party called in to assert title, if any she had, to the lots in controversy, filed an answer to plaintiff's petition—first, asserting title to the property in controversy; and, secondly, claiming the ownership, "by way of reconvention," of two squares of ground, one of which included the lots in dispute, alleging that the whole was claimed by plaintiff under the same chain of title. *Held* that, as the judgment appealed from was rendered on a reconventional demand, the appeal should have been to the court having jurisdiction of the main demand, as provided by article 95 of the Constitution of 1898.

3. This court notices its want of jurisdiction on its own motion, and orders the cause transferred to the Court of Appeal, parish of Orleans, pursuant to Act No. 56, p. 135, of 1904.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Aron Netter against Henry Reggio. Mrs. Beulah Allen Clarke intervened. Judgment for plaintiff, and defendant and intervener appeal. Transferred to Court of Appeal.

Frank Newcomb Butler and Frank McGloin, for appellants. McCaleb, McCaleb & Leopold, for appellee.

### On Motion to Dismiss.

LAND, J. On the joint motion of the defendant Reggio and of Mrs. Clarke, who had been made a party to the suit as an adverse claimant to the property described in plaintiff's petition, a suspensive appeal was granted from the judgment of the district court, and amount of bond fixed in the sum of $100. The appellants executed a single appeal bond for said sum, conditioned that both should prosecute the appeal and pay whatever judgment should be rendered against them, etc.

Plaintiff and appellee filed a motion to dismiss the appeal on the following grounds:

(1) That the amount of the appeal bond is not sufficient for a suspensive appeal;

(2) That appellant filed but one motion for a suspensive appeal, and gave but one bond; that there is no identity or mutuality of interest between appellants, but, on the contrary, a conflict of interest; and

(3) That, if the bond is divisible between the appellants, the sum is not even sufficient for a devolutive appeal, because inadequate to cover costs, interest, and damages for a frivolous appeal.

This is a suit to compel the defendant to accept title and pay the price of four lots of ground adjudicated to him at public auction, for the aggregate amount of $493, payable one-third cash, and the balance at one and two years, with interest.

The defense was that plaintiff had no title to the property described in the petition, and that the title was in Mrs. Beulah Allen Clarke, widow of T. L. Lyons.

Defendant filed an amended and supplemental answer, in which he prayed that Mrs. Clarke be made a party to the suit, and be cited to defend the cause and assert her rights to the said property, if any she had.

Plaintiff joined in the prayer of the amended and supplemental answer, and the court ordered that Mrs. Clarke be made a party to the suit, and called upon to assert her interest in the property described in plaintiff's petition, if any interest she had or desired to assert.

Mrs. Clarke appeared, and, for answer to

plaintiff's petition, alleged that she was the owner of the property by plaintiff described, and adopted as her own all the averments and declarations contained in the answers filed by defendant. Further answering, Mrs. Clarke averred that plaintiff claimed and pretended to own other property belonging to appearer, "through and by virtue of the same pretended chain" he advanced in support of his claim to ownership of the property described in the petition, and that the entire property consisted of two certain squares of ground in the Seventh District of the city of New Orleans.

The said answer further averred that the appearer was entitled to judgment "by way of reconvention" for all the property above mentioned. The answer sets up the title of Mrs. Clarke, assails the title of plaintiff, and contains two prayers—one for judgment recognizing her as owner of the lots described in plaintiff's petition, and the other for judgment adjudging her to be owner of the two entire squares described in her answer.

Plaintiff filed exceptions to the answer of Mrs. Clarke, and reserving the benefit of the same, and, in case they should be overruled, filed a lengthy answer, denying all the allegations "in intervener's petition contained," asserting title in plaintiff, pleading prescription, etc. Plaintiff, "in reconvention," further alleged ownership of the property claimed by "intervener," and prayed judgment accordingly.

Judgment was rendered in favor of the plaintiff against the defendant, Reggio, condemning him to comply with the terms of the adjudication, and judgment was rendered in favor of plaintiff and defendant, Reggio, and against "intervener," Mrs. Beulah Allen Clarke, dismissing the petition of reconvention filed by her.

It is patent that the matter in dispute between plaintiff and the defendant Reggio does not exceed the price of the adjudication, to wit, $493, and that, as between them, the question of title to other property is not involved. Hence this court has no jurisdiction of the demand of the plaintiff against said defendant.

Mrs. Clarke was called in to assert title, if any she had, to the four lots in controversy. She joined the defendant in resisting the claims of the plaintiff to the four lots in dispute. This was admissible, under the plain terms of article 389 of the Code of Practice. Mrs. Clarke, having thus assumed the attitude of a defendant contesting plaintiff's title to the property in dispute, "by way of reconvention," asserted title to other property claimed by plaintiff under the same chain of title, and prayed that she be permitted to file her demand in reconvention, and for judgment decreeing her to be the owner of the two entire squares described in her answer. The court granted leave for the filing of the "demand in reconvention."

Hence it is apparent that Mrs. Clarke, in the court below, asserted her legal right to institute against plaintiff a "reconventional demand," connected with and incidental to the main action. Code Prac. art. 375. She appeared and filed an "answer," and not a petition of intervention, praying for citation to plaintiff and defendant. While her right to file such a demand may be contested, she is entitled to stand on her pleadings, and we cannot force her, in this stage of the proceedings, into the anomalous position of an intervener claiming title to property not in dispute between the original parties to the suit.

Article 95 of the Constitution of 1898 reads as follows:

"In all cases where there is an appeal from a judgment rendered on a reconventional demand, the appeal shall lie to the court having jurisdiction of the main demand."

By a recent constitutional amendment article 95 has been amended, so as to include "other incidental demands." See Act No. 137, p. 307, of 1898.

We are bound to notice our own want of jurisdiction in this case, and to transfer this cause to the Court of Appeal for the parish of Orleans, pursuant to the provisions of Act No. 56, p. 135, of 1904. It is to be noted that the record shows no allegation of the value of the additional property claimed by Mrs. Clarke. The record should show affirmatively the jurisdiction of the appellate court.

It is therefore ordered that this cause be transferred to the Court of Appeal for the parish of Orleans, to be there proceeded with according to law, provided that before said transfer is made the appellants or their attorneys of record make oath that the appeal herein was not made for the purpose of delay; and it is further ordered that said appellants pay all costs incurred in this court.