(117 So. 763)

No. 29282.

## ASSOCIATED MOTORS, Inc., v. Joseph T. BURK.

In re ASSOCIATED MOTORS, Inc., Applying for Writs of Certiorari and Prohibition to be directed to Hon. William H. Byrnes, Jr., Judge of the Civil District Court for the Parish of Orleans.

June 4, 1928.

L. R. Wertheimer, of New Orleans, for relator. Van Buren Harris, of New Orleans, for respondent.

LAND, J. Defendant obtained a preliminary injunction against relator restraining it from proceeding further in the advertisement and sale of a Lincoln sedan, seized under executory process in foreclosure of a chattel mortgage executed by defendant, as security for the payment of the purchase price.

From the judgment granting the preliminary injunction, relator prosecuted a devolutive appeal to the Court of Appeal for the parish of Orleans.

After the appeal was taken, defendant applied to respondent judge for the release of the property seized without bond. The exception of no cause of action tendered by relator to the rule to bond the property was overruled. The rule was made absolute, and the property was ordered released without bond, and restored to the possession of defendant.

Thereupon relator applied to this court for a writ of prohibition to prevent the execution of the order of respondent judge.

In our opinion, the relator is entitled to the relief sought.

It was clearly the duty of the sheriff to hold the property seized in this case until the final disposition of the injunction. The executory process was not annulled or ordered to be vacated. The only effect of the temporary injunction was to arrest the sale under the process issued; it did not release the seizure. State ex rel. Gay v. Judge, 27 La. Ann. 212; Lamorere v. Succession of Cox, 32 La. Ann. 246.

Defendant's remedy lay in fixing the temporary injunction for trial upon the merits, and in having it perpetuated, or in having the original order of executory process revoked.

Section 3411 of the Revised Statutes of 1870, which authorized the release on bond of property under seizure, applies to all executions, to seizures under executory process, as well as to executions under writs of fieri facias. State v. Judge, 37 La. Ann. 846.

Defendant is not entitled to retain the property seized until the day of sale, without giving bond in the amount and in accordance with the conditions required by the above section.

It is therefore ordered that the order of Hon. William H. Byrnes, Jr., Judge of the Civil District Court, granting the release of the property herein seized without bond, be vacated, and that a writ of prohibition issue to respondent judge, prohibiting him from further proceeding in the execution of the order complained of by relator.