118 So.2d 877

**RALPH'S FLEET, INCORPORATED,**

v.

**AMERICAN MARINE CORPORATION.**

No. 44976.

March 21, 1960.

Sydney J. Parlongue, New Orleans, for appellant.

Charles D. Marshall, Charles W. Howard, Jr., New Orleans, for appellee.

FOURNET, Chief Justice.

Plaintiff, Ralph's Fleet, Incorporated,. having secured a writ sequestering two locomotive steam cranes owned by it on. the,

allegation they were in the possession of the defendant, American Marine Corporation, and it was feared they might be concealed, parted with, or removed from the court's jurisdiction during the pendency of the suit, appealed suspensively to this court from a judgment dissolving the writ following a trial on defendant's motion in which it disclaimed any title to, possession or custody of, the property, and averred that the plaintiff was free at all times to move the cranes at will. The appellee, contending the appeal was improvidently granted inasmuch as the property is now in plaintiff's possession and it cannot, therefore, be irreparably injured by the interlocutory ruling complained of,[1] has moved for its dismissal.

■ A perusal of the record clearly shows this court is without appellate jurisdiction over the matter. While there is a reconventional demand filed by the defendant in which it claims damages totalling $7,387 for the illegal use of its facilities in securing the removal of the cranes under the sequestration process, our jurisdiction is governed by the main demand,[2] and the record not only reflects defendant's disclaimer of any right or title in and to the sequestered property (which is now in plaintiff's possession), but neither the value thereof nor the value of any loss plaintiff may have sustained by being deprived of the use thereof is affirmatively shown.[3]

■ Inasmuch as we lack jurisdiction over the appeal, it necessarily follows that we are without authority to rule on the motion to dismiss that appeal.[4] This court, therefore, availing itself of the provisions of RS 13:4441, will transfer the case to the proper appellate court.[5]

For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal for the Parish of Orleans, provided the record is filed in that court within 30 days from the date upon which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this court shall be paid by the appellant.

1. Article 566 of the Code of Practice. See, also, State ex rel. Roth v. Judge of Twenty-Third District, 37 La.Ann. 846; and 33 Tulane Law Review 664.

2. Section 1 of Article VII of the Louisiana Constitution of 1921. See, Louisiana State Rice Milling Co. v. Gage, 162 La. 350, 110 So. 555; Succession of Solari, 218 La. 671, 50 So.2d 801; State ex rel. Claiborne v. Distefano, 229 La. 1098, 87 So.2d 705.

3. Section 10 of Article VII of the Louisiana Constitution of 1921. See, Jackson v. Golson, 236 La. 735, 109 So.2d 75; Smith v. Holland, 234 La. 125, 99 So.2d 49; Succession of Gaudin, 233 La. 235, 96 So. 2d 500.

4. See, Netter v. Reggio, 113 La. 723, 37 So. 620.

5. Article VII, Section 29, of the Louisiana Constitution of 1921.