PER CURIAM.
Plaintiff, Ralph’s Fleet, Inc., having obtained a writ of sequestration, seized thereunder two locomotive steam cranes owned by it on the allegation they were in possession of the defendant, American Marine Corporation, and it was feared they might be concealed, parted with, or removed from the court’s jurisdiction during the pendency of this suit, has appealed suspensively to the Supreme Court of Louisiana from a judgment dissolving the writ following a trial of defendant’s motion to dissolve in which it disclaimed any title to, possession, or custody of the said property and averred that plaintiff was free at all times to move the cranes at will. The appellee, contending the appeal was improvidently granted inasmuch as the property is now in plaintiff’s possession and it cannot, therefore, be irreparably injured by the interlocutory ruling complained of, moved to dismiss the appeal.
The Supreme Court being of the opinion it had no jurisdiction transferred the matter to us (see 239 La. 435, 118 So.2d 877), and the motion to dismiss the appeal is now before us for consideration.
Code of Practice, art. 566 provides that one may appeal from all interlocutory judgments when such judgment may cause him an irreparable injury. The test of the ap-pealability of an interlocutory judgment is whether the element of irreparable injury is present.
The record shows that after the writ had been executed and the cranes levied upon thereunder, plaintiff obtained their release unto itself by furnishing bond to the Civil Sheriff in an amount fixed by the court.
Plaintiff has no right to an appeal from the interlocutory judgment dissolving the writ, because it cannot possibly suffer any irreparable damage thereby.
Plaintiff claimed to be the owner of the cranes and alleged defendant’s possession thereof; defendant admits in its rule the property was never owned or claimed by it and disclaimed any rights of ownership or possession therein.
Plaintiff, which obtained the writ on its claim of ownership, now has the property in its possession by virtue of having bonded the writ, and there is no possibility the interlocutory judgment will cause plaintiff to suffer any irreparable injury.
The writ of sequestration is merely ancillary to plaintiff’s demand for judgment and its dissolution will not affect plaintiff’s right to proceed with its suit.
For the above reasons, the appeal is dismissed.
Appeal dismissed.