157 So.2d 317 (1963)
RALPH'S FLEET, INCORPORATED
v.
AMERICAN MARINE CORPORATION.
No. 1156.
Court of Appeal of Louisiana, Fourth Circuit.
November 4, 1963.
*318 Sydney J. Parlongue and John F. Caraway, New Orleans, for plaintiff and appellee.
Charles D. Marshall and Neal D. Hobson, New Orleans, for defendant and appellant.
Before McBRIDE, YARRUT and TURNER, JJ.
McBRIDE, Judge.
American Marine Corporation, a shipyard operator in New Orleans, appeals from a judgment in its favor for damages against plaintiff on account of the wrongful and alleged malicious issuance of a writ of sequestration. Appellant complains of the inadequacy of the amount it recovered.
In May 1959 American Marine Corporation became the sublessee and went into possession of certain premises fronting the Industrial Canal; two heavy locomotive cranes then owned by Great Southern Development Company were resting on flatcars standing on two switch tracks on the premises and while appellant was at all times aware of the presence of the two cranes, it suffered their remaining on the property because of their remote location and noninterference with appellant's business. On July 6, 1959, plaintiff bought the cranes from Great Southern Development Company; however, the purchaser made no attempt to remove them from appellant's property because of the dilapidated and unusable condition of the switch tracks. Other than over the tracks, the only possible ways the cranes could have been moved were either by the waters of the Industrial Canal or by dragging them.
Subsequently, American Marine Corporation reconstructed and rehabilitated the switch tracks throughout the property at an alleged cost of more than $8,400. Appellant had notification of plaintiff's purchase of the cranes, and a representative of the latter requested their release by appellant who sought to exact $2,500 from plaintiff to effect the removal of the cranes, which amount plaintiff refused to pay contending it was excessive.
After plaintiff's attempts to amicably adjust the matter failed, a writ of sequestration was issued on plaintiff's petition which alleged its ownership and the possession of the cranes by appellant against the will and consent of plaintiff, which writ was executed and the cranes seized. Plaintiff accompanied the sheriff into appellant's yard and with the aid of a truck, winch and other paraphernalia changed the location of some of appellant's equipment in order that the flatcars bearing the cranes could be moved over the switch tracks. The heavy winch truck ran back and forth over the crossties supporting the rails, pulling the flatcars, which operation was tedious, and approximately eight hours were consumed in effecting the removal. Ultimately, the cranes were turned over to plaintiff under a forthcoming bond.
In due course appellant moved for the recall and dissolution of the writ of sequestration on the ground, among others, *319 that it had always acknowledged plaintiff's ownership and rights in and to the cranes and that it was not in "possession" of the same and contended that the writ was void ab initio. After a contradictory hearing, the rule was made absolute and the writ of sequestration was recalled, the conclusion of the trial judge being that appellant was not in "possession" of the property within the meaning of the pertinent articles of the Code of Practice. Plaintiff took a suspensive appeal from the judgment to the Supreme Court which transferred the matter to us inasmuch as it lacked jurisdiction over the appeal. See 239 La. 435, 118 So.2d 877. We dismissed the appeal. See La. App., 119 So.2d 867. Thereafter plaintiff took no further steps to have the judgment reviewed, and the same is now final and constitutes res judicata on appellant's right to damages
In a reconventional demand, appellant sought to recover from plaintiff $7,387 for damages allegedly resulting from the illegal issuance and execution of the sequestration, and after trial, the lower court awarded damages in the amount of $725. The instant appeal was then perfected and the appellant is contending that the judgment should be substantially increased in amount so as to include the following items of damage:

 Cost of repairing tracks ......... $ 501.60
 Lost labor in the yard on
 September 17, 1959 ............. 540.14
 Overtime premium pay on
 September 19, 1959, due to
 the delay that had occurred
 on September 17 ................ 125.04
 Compensation for use of facilities
 ................................ 2,400.00
 Automatic damages for trespass
 ................................. 2,500.00.

In his reasons for judgment the trial judge wrote:
"Of all of these damages the only proof of any of them, that is conclusive, is the amount of damage for the dissolution of the writ, which counsel agreed by stipulation, if a judgment was rendered that the amount of $500.00 would be reasonable attorney's fees. The amount of $200.00 for the damage to the mechanism of the switch, although in the opinion of this Court is exorbitant, is the best evidence of the amount required to repair the switch, and there is no question but that the switch was damaged by the trucks of the plaintiff running over the same. The amount of $25.00 allowed or claimed for the return of the defendant's equipment back to its original position, in the opinion of this Court, is reasonable and should be allowed. All of the other claims for damages have not been proven, * * *."
The amount claimed for damage to the tracks is based on the contention that the winch truck in hauling the cranes ran over the crossties, loosening the spikes and separating the rails. The evidence is conflicting with reference to any damage other than to a switch for which a liberal amount was allowed by the trial court. There was ballast between and over the crossties which had the effect of preventing the truck from causing damage. Moreover, if there was damage, appellant has not proved the amount thereof by reason of the evidence it relies upon having been rejected by the trial judge as hearsay. Furthermore, the evidence shows that the appellant ran its own cranes over the tracks during the period the repairs are said to have been made which tends to negative there was any injury to the tracks.
We agree with the trial court that the items for lost labor and overtime premium pay also were not proven. It is claimed 40 workmen were idled as a result of the execution of the writ, but the evidence introduced in support of the claim is inconclusive and unconvincing. Certain payroll records were sought to be introduced into evidence, but the trial judge maintained plaintiff's objection thereto and stated: "How do you know how much labor *320 was lost? Did you observe who quit work? Did you observe them sit down and let their hours go by?" The records merely show that certain employees worked for a certain time and their hourly rates of pay. If any labor was lost, the record does not with any degree of certainty prove it. This would also apply regarding the overtime pay to 18 to 20 men whose services were required to launch a barge on Saturday because the launching could not take place while the seizure was in progress. To prove such overtime pay 35 work tickets were introduced into evidence which show work time of certain men ranging from 8 to 11½ hours. Notwithstanding this, Mr. Durant, President of appellant, stated to the court: "Some of these men only worked two hours, two-and-a-half hours, and did not work a full day." Further, his testimony shows that much of the work did not involve overtime for launching which is the basis of the claim.
Appellant argues it is entitled to "automatic" damages in the amount of $2,500. What appellant actually argues for is punitive damages, its position being that plaintiff was motivated by malice in resorting to the writ, pointing out that sequestration was not necessary to obtain the property because appellant was always ready and willing to permit plaintiff to remove same from its property.
A careful analysis of the respective situations of the parties does not warrant a holding plaintiff acted maliciously, true, appellant never denied plaintiff's right to have the cranes, but we think plaintiff's position understandable. Appellant sought to charge what was considered an exorbitant amount for removing the cranes via the switch tracks which was the most feasible method by which the removal could be effected, and that plaintiff is only guilty of having erroneously concluded that a resort to the writ was proper. The record is absolutely devoid of any direct proof or any facts from which it can be logically deduced that there was malice. No implication can arise against a plaintiff that he is actuated by malice in suing out a sequestration when the surrounding facts furnish good ground to the plaintiff for the belief and fear set forth in his affidavit. Duncan v. Wise, 39 La.Ann. 76, 6 So. 13; Vinas v. Merchants Mut. Ins. Co., 33 La.Ann. 1265, 1268; Allen v. Champlin, 32 La.Ann. 511.
Plaintiff alleged defendant had "possession" which the trial court upon dissolving the writ held was not the case. It appears that plaintiff was in good faith in alleging possession by defendant, and the fact that it was within the power of the appellant to have concealed, parted with or disposed of the property during the pendency of the suit was sufficient to justify the affidavit for the purposes of obtaining the writ of sequestration that the appellant would conceal, part with, or dispose of the property in question. LSA-R.S. 13:4001.
Where the sequestration has been wrongfully issued, the defendant is entitled to actual damages which are assessed according to the peculiar circumstances of the case. American Hoist & Derrick Co. v. Frey, 127 La. 183, 53 So. 486; Yeager Milling Co. v. Lawler, 39 La.Ann. 572, 2 So. 398; Cretin v. Levy, 37 La.Ann. 182; Codifer v. Schwartz, 36 La.Ann. 987; Roos v. Goldman, 36 La.Ann. 132; Block v. Myers, 35 La.Ann. 220; Barrimore v. McFeely, 32 La.Ann. 1179, 1182. However, it does not follow that the defendant must be reimbursed in damages when the preponderance of the proof does not show he has been damaged. It is essential that the amount of damages be proven. Worden v. Fisher, 52 La.Ann. 576, 27 So. 83.
The trial judge failed to allow any compensation to appellant for the use of its facilities by plaintiff, and our opinion is that the judge erred in that respect. Appellant is claiming $2,400, but, of course, the amount is highly excessive. When plaintiff utilized the switch track to remove his property from the premises, under the *321 law it became indebted unto appellant for the value of such use.
There is no proof in the record of any kind showing how much appellant would be entitled to for the use of the switch tracks, and we doubt if anyone could say with any precision or certainty what amount should be allowed. This is one of those cases which infrequently arises in which it is impossible for one to prove his damage or for the court to assess the amount with exactness. But the bare fact that appellant cannot establish with certainty the amount of damages suffered by it occasioned by plaintiff's having used the facilities will not suffice to discharge the plaintiff from liability when it is clear that under the law appellant is entitled to some compensation. Under these circumstances, the court should fix the quantum of such damages as best it can with the record before it, and such assessment should be "as in cases of offenses, quasi offenses, and quasi contracts" wherein "much discretion must be left to the judge or jury." LSA-C.C. art. 1934; Brantley v. Tremont & Gulf Railway Co., 226 La. 176, 75 So.2d 236; Germann v. 557 Tire Co., Inc., 167 La. 578, 120 So. 13; Schmidt v. City of New Orleans, 160 La. 281, 107 So. 110; Wall v. Hardwood Mfg. Co., 127 La. 959, 54 So. 300; Green v. Farmers' Consolidated Dairy Co., Limited, 113 La. 869, 37 So. 858; Bourdette v. Sieward, 107 La. 258, 31 So. 630. In the last-mentioned case the Supreme Court said:
"* * * We have held that the violation by a person of the legal rights of another renders the violator liable for at least nominal damages, without proof of actual damage. Dudley v. Tilton, 14 La.Ann. 283; Powers v. Florance, 7 La.Ann. 524; * * *."
After considering all factors, our thought is that an award of $100 for the use of appellant's facilities during the execution of the writ of sequestration would do substantial justice between the parties.
It is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended so as to increase the amount thereof to $825, and as thus amended and in all other respects it is affirmed.
Costs of appeal are to be borne by the appellee.
Amended and affirmed.