## ISAAC JORDAN v. HARRIS, WEEKS & Co.

1. SALE: DELIVERY.—It is not necessary that there should be an actual delivery of personal property by the vendor to the vendee, in order to constitute a valid sale thereof. See 13 S. & M. 615; 15 Peters, 315.

2. SAME.—Y. having a lot of seed cotton, at the gin of one S., sold the same to J. at a stipulated price per pound, the weight to be ascertained after the cotton was ginned: J. paid Y. $10, in cash, and agreed to credit the balance of the price on a debt due by Y. to him; Y. directed S. to deliver the cotton to J., who immediately furnished the bagging and rope with which to bale it: after this, and before the cotton was ginned and weighed, an attachment against Y. was levied on the cotton. In a contest between J. and the attachment creditor, as to the right to the cotton, *held* that the sale was absolute and complete, before the levy of the attachment, and vested the title to the cotton in J.

In error from the Circuit Court of Leake county. Hon. E. G. Henry, judge.

The case is fully stated in the opinion of the court.

*H. A. H. Lawson*, for plaintiff in error,

Cited *Ingersoll* v. *Kendall*, 13 S. & M. 611, 615; *Garland* v. *Stewart*, Yerger, MSS.

*D. C. Glenn* and *Robert C. Perry*, for defendant in error.

Cited 2 Kent, Com. 495; *M'Donald* v. *Hewett*, 15 Johns. R.

394; *Hanson* v. *Myers*, 6 East. R. 614; *Armstrong* v. *Stovall*, 26 Miss. R. 281; 2 Black. Com. 307.

HANDY, J., delivered the opinion of the court.

The defendants in error issued an attachment against one Young, which was levied upon two bales of cotton. The plaintiff in error made claim to the property, and gave bond to try the right under the statute.

Upon the trial it appeared, that before the levy of the attachment, the cotton had been taken by Young to the gin of one Slaughter, to be ginned as Young's cotton, and that it was then weighed in the seed; that several days before the levy of the attachment, Young proposed to Jordan, to sell him all his cotton then at Slaughter's gin, which was the cotton in controversy; that Jordan agreed to give him nine cents per pound for the cotton, after it should be ginned, which Young agreed to take, and Jordan paid him at the time ten dollars in part payment, and agreed to give him credit upon debts due by him to Jordan, for the amount of the cotton, at the price agreed on, when the cotton should be weighed, which was agreed to by Young, and he directed the cotton to be delivered by Slaughter to Jordan; that on the same day Jordan sent bagging and rope to Slaughter's gin, with which to bale the cotton, and which was used for that purpose; all this took place before the levy; but the cotton, though previously weighed in the seed, was not weighed after it was ginned until after the levy.

Upon these facts, the court instructed the jury, that although they believed from the evidence, that Jordan contracted with Young for the cotton, yet if they further believe from the evidence, that the cotton was not weighed at the time of said contract, nor before the levy of the attachment, and that Jordan was to pay nine cents per pound for it, the sale was incomplete, and the cotton was subject to the attachment, as the property of Young.

We think that this was an erroneous view of the law applicable to the facts of the case.

The evidence shows an agreement by Young to sell the cotton at a stipulated price; the receipt of a part of the purchase-money

by him, with an agreement as to the mode in which the balance when ascertained should be paid or settled, and a delivery of possession of the cotton to Jordan.   This last circumstance is conclusive of the character of the transaction, and shows a sale and delivery of the article; for the direction without qualification to Slaughter, to deliver it to Jordan, is equivalent to an actual placing of it in his possession.   It thenceforth became the property of Jordan, in the hands of Slaughter.

Nor is the absoluteness of the sale negatived by the fact that the cotton was to be weighed after it should be ginned.   That was to be done in order to ascertain the balance, for which Young was to receive credit upon his indebtedness to Jordan, at the price which Jordan agreed to pay per pound for the cotton.   But the price had already been agreed on, and the article delivered under the contract.   The case is not different in principle from the common one of a sale and delivery of a bale of goods by a merchant to a purchaser, when the quantity is not ascertained at the time of delivery, and has to be fixed by measurement afterwards.   And it could scarcely be said that such a sale would not be complete, though the amount to be paid should not be ascertained until after the sale.   *Ingersoll* v. *Kendall*, 13 S. & M. 615; 15 Peters, 315.

The right of possession was not only surrendered by Young to Jordan, but he took the ownership and control of the cotton by furnishing the materials to bale it.   And under such circumstances, as well might it be said that it was not Young's property before the sale to Jordan, because it required to be weighed to ascertain its value, as to say that it was not Jordan's after the sale, because it had to be weighed in order to ascertain what sum he was to pay Young for it.   This instruction should therefore have been refused.

The two instructions asked in behalf of the plaintiff in error were in accordance with this view, and were erroneously refused.

The judgment is reversed, and the cause remanded for a new trial.