## JAMES BOWDEN *v.* THOMAS GRAY *et ux.*

1. MARRIED WOMEN—PROCEEDS OF LABOR.—A crop of cotton grown by the joint labor of husband and wife, in 1861, belongs to the husband, and a suit by the wife to recover the cotton after the death of the husband, is concluded by the Code of 1857, p. 335, § 5, art. 28–32, and is not governed by the Code of 1871, § 1778, which secures to the wife "the fruits of her personal service."

2. CONTRACT OF SALE—DELIVERY OF PERSONALTY—GENERAL RULE—CASE IN JUDGMENT.—Where cotton was raised on the land of the husband, and by the joint labor of the husband and wife, and the wife was to have one bale of the cotton, and that bale was never separated from the other bales of the crop, the rule is substantially this, that where anything remains to be done by either or both the parties precedent to the delivery, the title does not pass; provided, such remaining acts were elements of title. When the property has been delivered, if anything remains to be done by the terms of the contract before the sale is complete, the property still remains in the vendor.

Error to the circuit court of Tippah county.   Hon. B. B. BOONE, Judge.

The facts in the case are fully stated in the opinion of the court.

The following errors are assigned:

1. The court erred in refusing to sustain the defendant's motion for a new trial in the court below.

2. The verdict was wholly unsustained by the evidence.

*Lawrence Johnson and Featherston, Harris and Watson,* for plaintiff in error:

In this case there was judgment in the circuit court of Tippah county upon the verdict of a jury for $91.64, in favor of Gray and wife, against plaintiff in error. It ought to have been set aside for the causes assigned. It was grossly without warrant of law or evidence, because plaintiff wholly failed to adduce proof, or such proof as should have been satisfactory.

1. Of title in the wife to the property sued for.

This was a bale of cotton, proved to have been produced on the land of plaintiff's former husband, and by joint labor of husband and wife. The earnings of the wife

belonged to the husband.   Henderson v. Warmack, 5 Cushman, 830; Sharp v. Maxwell, 1 George, 589; Armstrong v. Armstrong, 3 George, 279.

2. No transfer of title to the wife is set up or proven.

· To constitute a gift, as of any transfer, the intention to convey is necessary, and there must be delivery of chattel. Wheatley v. Abbott. An erroneous supposition of the parties that the wife was entitled to her earnings or proceeds of her labor, would not constitute conveyance by the husband, though it might constitute *consideration.*

3. Gifts from husband to wife were not affected by the statute of 1857, in force at date of these transactions.   Radcliffe v. Dougherty, 2 Cushman, 281 ; 44 Miss., 15.

4. The subsequent sale of the same property by the husband, raises a presumption against the supposed transfer to the wife, which it was incumbent on her to rebut by strong proof.   Wells v. Treadwell, 6 Cushman, 717.

5. When a husband has sold his wife's separate property and received the proceeds, his estate is liable, and she should be forced to exhaust that remedy before turning upon an innocent purchaser for value.   Wiley v. Gray, 7 George, 510; Butterfield v. Stanton, 44 Miss., 15 ; 40 Miss., 788.

6. Wife may be the agent of the husband to receive the proceeds of the sale of his property.   McKie v. Kent, 2 Cushman, 131.

7. For the separate estate of the wife the wife alone may execute receipt.   Frisby v. Harrison, 1 George, 452 ; Anderson v. Gregg, 44 Miss., 170. ·

8. The joint or concurrent act of both is unquestionably binding on both.   Rev. Code 1857, p. 338, and cases last cited; Frisby v. Harrison, 1 George, 452; Anderson v. Gregg, 44 Miss., 170.

9. The rule is different for executed and executory contract.   Where the wife might not bind her separate estate, yet a sale of her property for adequate consideration, and received by her, will be upheld.   For the right of owner-

ship carries with it the right to sell. Levy v. Darden, 38 Miss., 57.

10. Where the proof is not satisfactory and decisive, parties should be left to their original position, before the suit began.

11. A verdict wholly unsupported by testimony, should be set aside.

No counsel for defendants in error.

TARBELL, J., delivered the opinion of the court:

*Assumpsit* to recover the value of a bale of cotton. Damages are laid at $250.00. Verdict for plaintiff, $91.64, with interest from September 15, 1862. A motion for a new trial was overruled.

The cotton in controversy was raised in 1861 by the joint labor of G. A. Gray, plaintiff, then Z. A. Saunders, and her then husband, Robert Saunders, since deceased, on the land of the latter, with two other bales, the three bales having been raised, gathered, ginned, and stored together. Mrs. Gray, then Mrs. Saunders, testified on the trial, that she was to have one bale. No specific contract is shown, beyond the simple declaration of the party, that she was to have one bale. There was no separation of the one bale from the other two. Nor was there any delivery of the bale, or designation of the one belonging to, or claimed by, the plaintiff. The foregoing are the facts on which the case must be solved.

There was a large amount of conflicting testimony as to the value of cotton in 1862; whether the plaintiff had not been paid in full, to her satisfaction, for the cotton; numerous declarations and conversations of Saunders in his lifetime, with reference to this cotton and also statements and conversation of defendant. But, in the view taken of the case, it is wholly unnecessary to analyze the evidence on these disputed points. However gratifying it might be to sustain the claim of a female, when founded in justice or equity, nevertheless the law and the facts of the case at bar admit of no discretion.

Unquestionably, the cotton in controversy, raised as it was by the joint labor of the husband and wife, under the circumstances detailed, belonged to the former.

The Code of 1871, § 1778 secures to the wife "the fruits of her personal service;" but the case at bar is concluded by the law as it stood in 1857. Code of 1857, p. 335, § 5, arts. 23–32; Apple *et al.* v. Ganong *et al.*, 47 Miss., 189, is decisive of this point. See also Henderson v. Warmack, 27 ib., 830; Sharpe v. Maxwell, 30 ib., 589; Armstrong v. Armstrong, 32 ib., 279, under the statute of 1839.

It will not be denied that, by proper separation and delivery, the title of the wife to the bale of cotton, subject to the claims of creditors, might have been perfected, but, unfortunately, there are wanting the most material elements of title. The cotton, as already stated, was raised on the land of the husband, by the joint labor of himself and wife. She was to have one bale, but her bale was never indicated or set apart.

The general doctrine, deemed to be applicable to the view of the case last suggested, is substantially this, that, when anything remains to be done by either or both the parties, precedent to the delivery, the title does not pass; provided, such remaining acts are elements of title. And so inflexible is the rule, that when the property has been delivered, if anything remains to be done by the terms of the contract, before the sale is complete, the property still remains in the vendor. Parker v. Mitchell, 5 N. H., 165; Ward v. Shaw, 7 Wend., 404. The contract must be *executed* to effect a complete sale. Hutchins v. Gilchrist, 23 W., 88. The general rule in relation to the sale of personal property is, that if anything which enters into and constitutes an element of title, remains to be done by the seller before delivery, no property passes to the vendee, even as between the parties. Hale v. Huntly *et al.* 21 Vt., 147; Chit. on Con., 396. The point under consideration may be illustrated by supposing this action instituted to recover the value of a horse. Suppose Saunders had been, in 1861, the owner of three horses,

He joined the army in 1864. Suppose, before his departure, he had promised his wife a horse. Mrs. Saunders became a widow, and brought this suit in 1866. Suppose the horses to have been kept together, without designating which of the three was given to the wife, until 1862, when they were sold in the bunch. In such a case, could an action be maintained by the wife or widow for one of the horses, against the purchaser? The answer must be in the negative; and yet the case at bar is precisely like the one supposed. Here was a promise to the wife that, as a reward for her labor, she should have a bale of cotton; yet it was never *designated* and *set apart* to her, in which respect this case is distinguishable from many cases where the title passes without delivery. It is not deemed necessary to discuss and classify the cases. *Vide*, Stamps v. Bush, 7 How., 255; Jordan v. Harris, 31 Miss., 257; 2 Story on Contracts, § 800, and notes cited; Evans v. Harris, 19 Barb., 416; Austin v. Craven, 4 Talbot, 644; Outwater v. Dodge, 7 Cow., 85; Woods v. McGee, 7 Ohio, 128; Riddle v. Varnum, 20 Peck, 280; Hunter v. Hutchinson, 7 Barr., 140; 6 East, 614; 12 ib., 614; 11 ib., 210; 5 Taunt., 176; ib., 617; 1 ib., 548; 2 Comp., 240; 3 B. & Ald., 321; 4 Comp., 137; 13 Pick., 182; 21 ib., 378; 4 Foster, 347; 2 Story on Con., § 801, *et seq.*

Judgment reversed and cause remanded.