BERNHEIM BRO'S & URI *v.* HAHN & PIDAL.

AGENCY. *Declaration of agent, whether evidence against principal. Case in judgment.*

H., engaged in selling whiskey, agreed with B., to whom he was indebted, that upon the expiration of his license he would deliver to D., for B., all of his remaining stock of whiskey; and B. agreed that D. should receive, measure and receipt for it, and he (B.) would credit H. with the value of the same at the cost price thereof. On the same day on which II. delivered the remnant of whiskey to D., in pursuance of his agreement with B., the whiskey thus delivered was attached in the hands of D. by P., a creditor of H. B. claimed the whiskey so attached. Upon the trial of the claimant's issue, the plaintiff in attachment was allowed to prove, over the objection of the claimant, that D. stated when the whiskey was seized that it belonged to H. *Held*, that D.'s agency was not to be exercised in execution of the contract of sale of the whiskey, but merely as a means to determine the extent of the credit to which H. should be entitled on his indebtedness to B.; and his declaration as to the ownership of the whiskey was not within the scope of his agency, and evidence thereof was incompetent.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

Hahn & Pidal sued out an attachment against Hall Bro's, which was levied on three barrels of whiskey in the possession of one Danheiser. Bernheim Bro's & Uri claimed the whiskey as their property.

The plaintiffs in attachment having obtained judgment against the defendants therein, the issue presented by the claim of Bernheim Bro's & Uri came on for trial.

The evidence adduced in the trial of this issue shows that, some months prior to the 1st of Oct., 1886, Hall Bro's, were indebted to Bernheim Bro's & Uri to the amount of $200 or $300; that it was then at such prior time agreed between the parties mentioned that, upon the expiration of the license of Hall Bro's, who were selling intoxicating liquors, they should deliver to Danheiser whatever liquors they might have left in stock; that it was further agreed between such parties that Danheiser should receive measure and receipt for the liquors when delivered, and that Bernhim Bro's & Uri would credit Hall Bro's with the value of the liquors thus delivered at the cost price of the same; that Hall Bro's liquor license expired on the 1st of October, 1886, and on the morning of the 13th of that month they delivered to Danheiser the three barrels of whiskey which were afterwards, in the same day, seized under the attachment issued at the suit of Hahn & Pidal; and that two or three days after the seizure under the attachment, Danheiser measured the whiskey and gave to Hall Bro's a receipt for the same.

After having proven the facts above stated, the plaintiffs in attachment offered to prove that, at the time of the levy of the attachment, Danheiser stated to their attorney and to the officer having the writ, that the three barrels of whiskey which he pointed out and which were levied upon belonged to Hall Bro's, and he supposed they had been sent to him to get them out of the way, as he understood they (Hall Bro's) had failed. Evidence of such statements by Danheiser was admitted by the Court, over the objection of the claimants, and they excepted.

The judgment was for the plaintiffs in attachment and the claimants appealed.

*E. Watkins*, for the appellants.

There is no proof of the agency of Danheiser except his own statement, which is not admissible. See *Kinnare* v. *Gregory*, 55 Miss., 622 ; Wharton on Agency, Sec. 162.

The statement as to his agency on the part of Danheiser was not made during the progress of the transaction between the plaintiff and claimant and would not therefore constitute a part of the *res gestæ* and in no way gave character to the transaction between Hall Bro's and the claimants. This is the established rule that governs the admission of agents, according to the best established authority. 13 Barb., 251 ; 11 Cush., 205. See also *Dickman et al.* v. *Williams*, 50 Miss., 500.

*Cochran & Cochran*, for the appellees.

If it was incompetent to prove the declarations of Danheiser before proof of his agency had been offered, it was clearly competent to prove them after the witness, W. H. Hall, had testified. He stated that appellants directed him to turn over the whiskey to Danheiser, and when he, Danheiser, had ascertained the number of gallons, that appellants would give him credit for it. His testimony established the agency. Moreover, E. D. Hall, appellants, own witness also, unreservedly, testified that Danheiser was the agent of appellants to receive and measure the whiskey. The agency being established, it was competent to prove the declarations of Danheiser. There is no question about his statements being a part of the *res gestæ*, for they were made immediately after the whiskey was put in his house by Hall Bro's, and before it was measured. The transaction had not ended. The declarations were not only competent but the appellants were bound by them. 1 Greenl. Ev., Sec. 113 ; Story, Agency, Secs. 134, 137.

COOPER, C. J., delivered the opinion of the Court.

What was said by Danheiser, the agent of the appellants, at the time of the levy of the attachment, in reference to the ownership of the whiskey levied on, should not have been admitted in evidence as an admission by his principals.

The whiskey had before that time passed from the possession of the defendants to that of Danheiser, and according to the

contract as testified to by defendants, appellants were to take all that should remain in stock when defendants' license expired. If this be true there was a contract of sale for the whole, executed by the delivery to Danheiser, who had no power thereafter to vary the rights of the parties by any refusal on his part to measure it up and deliver receipts to the seller. What was to be done by him was not in execution of the contract, but as a mere means of determining the extent of the credit to which the seller was entitled. *Jordan* v. *Harris*, 31 Miss., 257.

The declaration of the agent that the property levied on was not the property of his principals, but was the property of the defendants in execution, was not one made in the scope of his agency nor in reference to any thing being done by him as agent. It is only where the agent could bind the principal by his act that a declaration or admission made by him is admissible in evidence either for or against the principal. The declaration or admission must be of a character to illustrate or characterize some act being done and connected with it as a part of the *res gestæ* to make it admissible in evidence. Wharton on Evidence, Sect. 1173 ; Taylor on Ev., 513 ;

If Danheiser had any duty to perform under the facts shown in evidence it was to keep possession for his principal of the property which had been delivered to him. The effect of the declaration admitted was, that as to the whiskey seized by the officer he was not the agent for appellants. If this be true he had no authority to bind appellants because he was not as to this particular property their agent. Appellees, contention for the admissibility of this evidence reduces itself to this. The property seized was never the property of appellants, because Danheiser never held it for them, and his declaration that it was not their property is competent evidence against appellants, because he did hold it as their agent. It is impossible that this can be a sound proposition.

*The judgment must be reversed and cause remanded.*