Western Union Telegraph Company v. Martha Jackson.

[49 South. 737.]

1. **Evidence.** *Agent's statements. Telegraph messenger. After delivery.*

Statements made by the delivery messenger of a telegraph company, several days after the delivery of a message, touching the time of its receipt at the office charged with its delivery, are not admissible in evidence in a suit against the company for a failure to promptly deliver it.

2. **Same.** *Punitive damages. When error to submit question to jury.*

It is error to submit to the jury the question of punitive damages where the evidence fails to show any evidence justifying the award of such damages.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Miss Jackson, appellee, was plaintiff in the court below; the telegraph company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

Appellee sued the telegraph company to recover punitive damages for its failure to promptly deliver a prepaid telegram from a friend, directed to her at Summit, Mississippi, announcing the death of her brother at Jackson, Mississippi. The telegram was by the sender given to the company's agent at Jackson a few minutes after one o'clock on the afternoon of February 28, 1907, and was not delivered at appellee's address in Summit until half past three o'clock the following afternoon, March 1, a few hours after appellee had left Summit on a railroad train for New Orleans, Louisana. The telegraph company forwarded the telegram to New Orleans, and it was there delivered to appellee, but not in time for her to attend the funeral of her brother which took place in Natchez, Mississippi, March 2, 1907. If the telegram had been delivered promptly to appellee at her address in Summit she would have attended the funeral. The evidence failed to show any wilful wrong, malice, oppression or other element justifying punitive damages on the part of the telegraph company in its failure to deliver the message promptly. Over the objection of the company plaintiff was allowed to offer in evidence verbal statements made to witnesses by the company's messenger who carried the delayed message to appellee's address in Summit, made several days after the delivery of the telegram to the appellee, and at a time when the messenger was not acting for the company, to the effect that the message was received at Summit during the afternoon of February 28, and no effort was made to deliver it until March 1. The defendant showed that the delay in delivery of the telegram was not intentional but was caused by the unavoidable crossing of certain of its wires which interrupted telegraphic communi-

·cation for a considerable time, and that as early as possible the message was transmitted to Summit and sent by messenger to appellee's address there. The appellee demanded $1,999 damages, and the jury awarded her $250.

*A. C. & J. W. McNair,* and *T. Brady, Jr.,* for appellant.

The court below permitted the appellee to show by her testimany and the testimony of Rose Washington that Willie Gay·den, the company's messenger boy, several days after March 1, 1907, while at the residence of a friend stated to such friend that the telegram was received at Summit on February 28, 1907, ·the day on which it was delivered at Jackson to be transmitted. It appears that at the time of such alleged statement Willie Gay·den was on a private mission of a young lady connected with the ·company's local telegraph office at Summit, a mission having nothing whatever to do with the company's business, and that he was, at the time of such statement, acting without the scope of his regular employment as a messenger boy of the company. The appellant company promptly objected to the introduction of ·any such statement, but the court below overruled the objection. And later the appellant company moved to exclude all testimony relative to such statement, as not being a part of the *res gestae,* but the court overruled the motion. This constituted error on ·the part of the trial court. *Moore v. Railroad Co.,* 59 Miss. 243; *Railroad Co. v. McGowan,* 62 Miss. 682; *Mayes v. State,* 64 Miss. 329; Jones on Telegraph, etc., Companies, § 329.

No actual damages are sued for, only punitive damages being demanded. On this line the declaration states that "the defendant, its agents and employes, wilfully, knowingly, capri·ciously and oppressively and unlawfully and wantonly failed, refused and neglected to deliver to her or to anyone for her the said message with the deliberate design and purpose to humili·ate, harass and torture the plaintiff." The declaration further avers that the appellee, as a result of not receiving the telegram promptly, did suffer "great mental anguish and pain; destruc-

tion and shattering of her nervous system," and that as a result she "did languish for weeks in bed from nervous and mental prostration." The appellant company asked for an instruction to the effect that this was not a case for recovery of punitive damages, since no wilful or wanton wrong was shown in substantiation of the grave charges in the declaration. The court below, however, refused to grant such instruction. This was error.

Punitive damages are recoverable only where the acts complained of are characterized by malice, fraud, oppression or wilful wrong evincing a disregard of the rights of others. *Telephone Company v. Allan*, 89 Miss. 832. There must be some element of one or more of the qualities or properties above named and relating to the acts made the ground of action, before exemplary damages may be inflicted. *Vicksburg, etc., Co. v. Marlett,* 78 Miss. 873; *Telegraph Company v. Spratley,* 84 Miss. 86; *Telephone Co. v. Baker,* 85 Miss. 848; *Western Union Tel. Co. v. Pierce,* 82 Miss. 487; *Western Union Tel. Co. v. Westmoreland,* 44 South. 382.

*Harris & Willing,* on the same side.

There is absolutely nothing in this case to show any malice or wilful wrong on the part of the telegraph company in failing to deliver the message promptly. The telegram reads: "Miss. Mary Jackson, Summit, Miss. David died last night; funeral tomorrow. C. V. Robertson." The company used diligence in attempting to deliver the message promptly, and but for an unavoidable entangling of its lines at a distant point the message would not have been delayed. Under the circumstances, where the proof merely shows that the appellee failed to receive a telegram promptly and where no actual damages are asked for or shown, and where the delay is accounted for as stated above, the allowance of punitive damages was erroneous.

There is no evidence of wilful wrong. The messenger boy testified that when he received the message at Summit he took

it at once to the house where Mary Jackson, the appellee, was boarding, and was there told that she had left town. The messenger boy then hunted up a personal friend of the appellee, and from him ascertained that appellee had gone to New Orleans. and the messenger boy had this friend go to the telegraph office at Summit and there see the local operator with a view to sending the message on to the proper address in New Orleans.

Under this state of case, on the trial the appellee and one Rose Washington were allowed, over appellant's objection, to testify that the messenger boy, several days after the attempt to deliver the telegram to appellee in Summit, stated to them that the message had been received at Summit on the afternoon before the delivery was made. It will be noted that this testimony was admitted as original evidence, direct evidence, and not in the way of contradiction or impeachment of the testimony of the messenger boy. In fact, at the time in the trial when appellee and Rose Washington testified, the messenger boy had not been placed upon the witness' stand. It is distinctly shown by the testimony of appellee and Rose Washington that the alleged statement of the messenger boy was made several days after the occurrence and at a time when the messenger boy was at the appellee's boarding house in Summit on business not connected with this transaction. *Railroad Co. v. McGowan,* 62 Miss. 682 ; *Forsee v. Railroad Co.,* 63 Miss. 66 ; *Wells v. Railroad Co.,* 67 Miss. 24 ; *Hayne v. Railroad Co.,* 63 Miss. 485 ; *Black v. Robinson,* 61 Miss. 54 ; *Bernheim v. Hahn,* 65 Miss. 459, 4 South. 539.

*Clem V. Ratcliff,* for appellee.

The record discloses that appellee and her place of abode were well known to the telegraph operator at Summit at the time. when the message was received at Summit. Had the telegram been promptly transmitted and delivered appellee would have had ample time in which to reach Jackson and in which to have

reached Natchez for the funeral. In fact, appellee was at the Summit railroad depot station, in which the appellant's telegraph office is located, on the morning of March 1, and there for two hours awaited the arrival of the train on which she embarked for New Orleans.

The appellant contends that the wires were crossed, and that, as a result, the message was delayed. Yet the testimony of the employes of the telegraph company shows that messages were actually sent through on the wires at practically the very time when it is contended by appellant that delay of the telegram to appellee was unavoidable. This was gross negligence. The telegram on its face showed the importance of its delivery. The company's New Orleans telegraph operator testified that he sent a message from New Orleans to Crystal Springs, Mississippi, north of Summit, on the same wire as was used later to transmit the message to Summit, and that he sent such message to Crystal Springs between seven and eight o'clock of the morning of February 28, and that he sent several other messages on March 1 to Hazelhurst and Crystal Springs. Appellant had the telegram to appellee and held it all night, already long delayed, and the action of the company was certainly wilfully negligent.

The message to appellee should have been delivered on February 28; it was delayed on that day for several hours, and no sufficient excuse for the failure to deliver has been shown by appellant. *Watson v. Telegraph Co.*, 82 Miss. 101.

The entire question of negligence and diligence belonged to the jury for their determination. *Morgan v. Telegraph Co.*, 45 L. R. A. 427. And see 40 L. R. A. 209; 30 L. R. A. 158; 15 L. R. A. 129; 9 L. R. A. 669, notes.

The testimony of appellee and Rose Washington relative to the statement made by Willie Gayden, the company's messenger boy, was competent. 1 L. R. A. 728. The messenger boy was still in the service of the company when he made the statements shown in the testimony. -

SMITH, J., delivered the opinion of the court.

The admission of the evidence of statements made by appellant's messenger boy to plaintiff and Rose Washington, several days after the delivery of the telegram, with reference to the time of its receipt at appellant's office in Summit, was error. *Forsee v. Railroad Company,* 63 Miss. 66, 56 Am. Rep. 801; *Bernheim v. Hahn,* 65 Miss. 459, 4 South. 539.

As there was no element of punitive damages disclosed by the evidence, it was also error for the court to submit that question to the jury.

*Reversed and remanded.*