WESTERN UNION TELEGRAPH CO. *v.* MRS. FANNIE WALTERS.

[63 South. 194.]

1. TELEGRAPHS AND TELEPHONES. *Damages. Evidence. Admissions of agents. Exemplary damages. Amount. Remittitur.*
   In a suit by the sendee against a telegraph company for damages for failure to deliver two messages announcing to her the death of a brother, of the sending of which she was first informed by mail, the admission of the messenger boy of defendant, who had the message for delivery, made to her before the delivery of the telegrams and while she was making investigation as to the failure to deliver the same and after she had consulted the office of defendant without results, are admissible in evidence against the defendant company.

2. SAME.
   In such case a verdict for one thousand five hundred dollars is excessive as evincing passion or prejudice on the part of the jury, and on appeal the case will be reversed unless a remittitur of one thousand dollars is entered.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by Mrs. Fannie Walters against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McNair & Brady* and *Hermon Dean*, attorneys for appellant.

*J. N. Yawn* and *Cassedy & Cassedy*, attorneys for appellee.

The record in this case has been lost.

REED, J., delivered the opinion of the court.

Mrs. Fannie Walters obtained a judgment for one thousand five hundred dollars against the Western Union Telegraph Company as punitive damages from the failure to deliver two telegrams to her. The first telegram was sent from Sandy Hook, Mississippi, on January 29, 1911, and read: "Mr. Jack Kelly was killed last night. Notify his people." The second telegram was sent from Seminary, Mississippi, on January 31, 1911, and was as follows: "Did you know brother Jack had been killed at Sandy Hook? We failed to hear from you. On way to Columbia to investigate. He was buried to-day." Both telegrams were directed to her at Bogalousa, Louisiana, where she resided and was engaged as a dentist in the practice of her profession.

Appellant seeks to be relieved from liability by claiming (1) that reasonable and sufficient efforts were made to deliver the messages; and (2) that the home and the office of appellee were without the free delivery limits of Bogalousa, and a special fee for delivery beyond such limits was not paid. Considerable testimony was taken relative to these two defenses, and the verdict of the jury decided them in favor of appellee. We believe that there is sufficint evidence to justify the verdict.

Appellant argues that the trial court erred in admitting certain conversations between appellee and her companion, Mrs. Burke, and appellant's messenger boy, regarding the failure to deliver the messages. It is claimed that such conversation, which contained statements made by the delivery messenger, is not admissible under the

rule announced in the case of *Western Union Telegraph Company* v. *Jackson,* 95 Miss. 471, 49 So. 737. It was there decided that "statements made by the delivery messenger of a telegraph company, several days after the delivery of a message, touching the time of its receipt at the office charged with its delivery, are not admissible in evidence in a suit against the company for a failure to promptly deliver it."

The case before us is unlike the Jackson Case, in that the conversations with the messenger boy took place before the delivery of the telegrams. In fact, it appears that the appellee was seeking information about the undelivered telegrams when she talked with the boy. We note that she heard of her brother's death through a letter, and learned therefrom, and also when she visited Sandy Hook, that telegrams had been sent her. She called at appellant's office at least three times on the day the last telegram was received and inquired for a message, and was informed by the operator that no message had been received for her. She had made these visits to the office without success. Afterwards she made other unsuccessful efforts for knowledge about the telegrams. It was in the course of her investigation regarding the receipt of the telegrams at Bogalousa, their contents, and why they were not delivered to her, that she sought to obtain information from the messenger boy, who, it appears, had the messages for delivery to her. Under the facts in the case the testimony is competent, and the rule above stated does not apply to condemn it. It was proper for the appellee to obtain information from any of appellant's agents about the telegrams which she was informed had been sent to her at Bogalousa and had not been delivered. She had endeavored, without success, to get this information at the company's office, and she then inquired of the messenger boy.

We do not find any error in the proceedings in this case sufficient for reversal; but viewing the entire case, we

consider the verdict excessive, and to the extent that it evinces passion or prejudice on the part of the jury. For this reason we reverse and remand the case, unless the appellee will enter a remittitur for one thousand dollars, in which event the case is affirmed. If remittitur is not entered, the judgment of the circuit court is reversed, in so far as it fixes the amount of damages to be recovered. In all other respects the judgment will remain in full force and effect, and the cause will be remanded only for the purpose of ascertaining the amount of damages to be recovered by the appellee.