PONDER, Justice.
Mrs. Zeola Koen Brinson brought suit claiming to be the common-law wife under ithe laws of Mississippi and praying for a half interest in property belonging to her deceased husband, Willie Leon Brinson. Effie Mae King Brinson answered claiming to be the putative wife of the deceased and asked that she be decreed the owner of the property according to an olographic will made by the deceased. From a judgment recognizing plaintiff as the common-law wife of Wiilie Leon Brinson and recognizing defendant as the putative wife and decreeing that they are each entitled to' an undivided one-half interest in the Succession of Willie Leon Brinson, the defendant has appealed to this court.
An examination of the record reveals that this court is without appellate jurisdiction under Article 7, Section 10 of the Louisiana Constitution, LSA, since the amount in dispute does not exceed $2,000, exclusive of interest.
Counsel was under the misapprehension that this was a suit for the nullity of marriage but the prayer of the petition of plaintiff asks that she be decreed the owner of one-half of the property involved, which the record reveals at best is worth not over $2,000. Therefore, in the absence of any evidence in the record to establish affirmatively that the amount in controversy exceeds the value of $2,000, this court will not entertain the appeal. Plauche v. Albert, 215 La. 776, 41 So.2d 677; Thalheim v. Gruhler, 216 La. 502, 43 So.2d 907; Prampin v. Southern Chemical Works, 218 La. 392, 49 So. 737; Harris v. Pierce, 224 La. 585, 70 So.2d 134.
For the reasons assigned, this case is ordered transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 4444, provided that the record shall be filed in that court within 30 days from the date on which this decree shall become final; otherwise, the appeal shall be dismissed. The appellants are to pay the costs of this appeal and all other costs are to await the final disposition of the case;