SIMON, Justice.
Plaintiff filed this suit cumulating two demands: (1) to be declared and recognized the owner of a certain lot or parcel of ground situated in the Parish of East Baton Rouge; and (2) for a moneyed judgment for $9,220. The district court rendered judgment rejecting and dismissing plaintiff’s suit, from which judgment he prosecutes this appeal.
Defendant-appellee filed a motion to transfer this appeal to the Court of Appeal, First Circuit, on the ground that the record fails to show that the property *153 claimed by plaintiff is worth in excess of $2,000, and that plaintiff’s demand for a moneyed award or damages was abandoned before the case was submitted to the trial ■court for decision. Plaintiff-appellant has not answered said motion, nor has he filed a brief in support of his appeal.
From an examination of the record we do not find either in the pleadings or in the evidence adduced at the trial below any affirmative proof of the value of the property, the ownership of which is asserted by plaintiff, or of the right in contest upon which our jurisdiction may rest.
Since the record fails to affirmatively show that the amount in dispute or the value .of the right asserted exceeds the sum of $2,000, exclusive of interest, the jurisdiction of this court cannot be invoked; nor does this case fall within any of the classes of cases of which this court is given appellate jurisdiction. Louisiana Constitution of 1921, Art. 7, sec. 10—LSA; Louisiana Board of Pharmacy v. Smith, 221 La. 1026, 61 So.2d 513; City of New Orleans v. Ryman, 225 La. 1092, 74 So.2d 386; City of New Orleans v. Langenstein, 227 La. 770, 80 So.2d 402, 403.
In the case of City of New Orleans v. Langenstein, supra, we quoted with approval from the case of State v. Cook, 197 La. 1027, 3 So.2d 114, as follows:
“' * * * In determining whether this court has appellate jurisdiction because of the amount in dispute, or because of the value of the thing in dispute, or because of the subject matter of the suit, in a given case, the record must show affirmatively that the court has appellate jurisdiction; otherwise the appeal must be dismissed or transferred to the Court of Appeal. * * (Italics ours.)
Plaintiff’s demand for the recovery of $9,220 constitutes an aggregate for rents and revenues in the sum of $6,720 and for deprivation of the use of said property in the sum of $2,500. No evidence was offered or adduced in support of these demands at the trial below, and hence cannot serve as a basis for determining our appellate jurisdiction.
It is well established that appellate jurisdiction is determined by the amount in contest when the case is submitted to the lower court for decision. If part of the original claim is forgiven or remitted before the case is submitted to the trial court for decision, appellate jurisdiction is then determined by only that which remains in dispute. Hanover Fire Ins. Co. v. Southern Amusement Co., 176 La. 631, 146 So. 316; H. A. Bauman, Inc., v. Tilly, 188 La. 531, 177 So. 657, 658; State v. Cook, supra.
In the Bauman case plaintiff sought specific performance of a contract to sell movable property and made several alternate demands, including one' for damages of $22,000 for breach of contract, one for $1,500 for construction work, one for ownership of five oscillating fans, and one for *155 $80, the latter being the difference in the price of the fans installed and those called for in the contract. The demand for specific performance was disposed of on the plea of res adjudicata. At the hearing below, the plaintiff offered evidence in support of his claims for $1,500 and $80. The trial court rendered judgment for plaintiff in the sum of $80. Plaintiff appealed to the Court of Appeal, Second Circuit, but that court transferred the appeal to this court on the ground that the $22,000 was still in contest. We, however, retransferred the appeal to the Court of Appeal, saying:
“Upon examination of the record we ■find that no evidence was tendered in support of plaintiff’s demand for $22,-000 and no adverse ruling of the court thereto. All the evidence sought to be introduced and introduced by the plaintiff on the trial of this case was in support of plaintiff’s demand for $1,500 and the demands with reference to the oscillating fans. The demand for $22,-000 is not urged on appeal, in fact, it would appear that the plaintiff abandoned this demand. The only dispute raised on the trial in the lower court was on plaintiff’s demand for $1,500 and the demands touching the oscillating fans, being in amount less than $2,000, consequently the amount in contest when the judgment was rendered in the lower court was less than $2,000. There is nothing to review on appeal touching plaintiff’s demand for $22,000 except the bare allegation in plaintiff’s petition. Our appellate jurisdiction in civil suits is governed by the amount in dispute, irrespective of the amount claimed. Const.1921, art. 7, § 10. It has been consistently held by this court that in an ordinary civil suit the appellate jurisdiction is determined by the amount in contest when the judgment is rendered in the lower court. Hanover Fire Insurance Co. v. Southern Amusement Co., 176 La. 631, 146 So. 316, and the many cases cited therein.”
In the case at bar the only issue upon which evidence was presented to the trial court for decision was the ownership of the real estate, the value of which, or the value of the right asserted, does not exceed the sum of $2,000, exclusive of interest.
By virtue of the authority vested in this court under LSA-R.S. 13:4441 and 13:4442, it is ordered that this case be transferred to the Court of Appeal, First Circuit, the transfer to be made within 30 days after this decree has become final, otherwise the appeal is to be dismissed; the appellant to pay the cost of this appeal; all other costs to await the final disposition of the case.