HAWTHORNE, Justice.
' By instrument dated March 30, 1925, recorded December 28, 1925, Everett Jack *76 son conveyed to D. P. Golson 120 acres of land, more or less, in Ouachita Parish, Louisiana, for a recited consideration of $4-31.17. This act gave to the vendor Jackson the right to redeem the property at any time from the date of the act until January 1, 1926, and the vendee Gol-son obligated himself to reconvey the property within that time on the payment of the purchase price and certain other items.
This suit was instituted by the widow and children of Everett Jackson against the widow and heirs of D. P. Golson and the holders of certain royalty or mineral deeds and leases executed by the Golson heirs. In this suit plaintiffs seek to have themselves declared owners of the 120 acres in question on the theory that the deed with the right or privilege of redemption was actually only a mortgage given as security for a debt.
The district court dismissed plaintiffs’ suit on exceptions of no cause and no right of action and a plea of prescription of 10 years acquirendi causa, the trial of which was submitted to the lower court on the allegations of plaintiffs’ original and supplemental petitions. Plaintiffs’ appeal from that judgment was taken to the Court of Appeal, Second Circuit, because there was no evidence in the record as to the value of the property of which they were seeking to be declared owners. The Court of Appeal affirmed the judgment of the district court insofar as it maintained the exceptions of no cause and no right of action as to the parties that had acquired mineral interests in the property, who were held to have acted on the faith of the public records. The Court of Appeal, however, overruled the exceptions insofar as they applied to the widow and heirs of Golson, and remanded the case to the district court for further proceedings. See Jackson v. Golson, La.App., 91 So.2d 394.
On the remand the case was tried on its merits as between the Jacksons and the Golsons, and after trial the demands of. the plaintiffs were again rejected -by the district judge and their suit dismissed. From this judgment plaintiffs appealed to this court. The instant appeal was brought here on the theory that evidence elicited on the trial on the merits discloses that the property in dispute exceeds $2,000, “as shown by testimony and exhibits in the record (Tr. pp. 133, 144)”.
Our examination of the entire record convinces us that neither the testimony nor the exhibits referred to by appellants affirmatively show that the value of the property in dispute exceeds $2,000. Under the pertinent provisions of Article 7, Section 10, of the Louisiana Constitution of 1921, this court has “ * * * appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest * * * ”, and the cases are legion which hold that the record must show affirmatively that the amount in dispute exceeds that amount for this court to have appellate jurisdiction. Brinson v. Brinson, 228 La. 350, 82 So.2d 36; Moran v. Douglas, 230 La. 150, 88 So.2d 8, 58 A.L.R.2d 174; Borne v. Fouquier, 231 La. 430, 91 So.2d 591; Succession of Bechtel, 231 La. 459, 91 So.2d 602.
In the instant case there is no testimony in the record showing that the value of the property in dispute exceeds $2,000. One of the exhibits referred to by counsel is an oil, gas, and mineral lease covering 150 acres and reciting a consideration of $1,500, but this lease covers only 40 acres of the property in dispute. There is testimony that the price paid for this lease was $10 per acre, but even if we accept this as true, the value of the property is not shown to exceed $2,000. The other instrument noted by counsel for appellants is the sale for $4,000 of a V32 royalty covering 190 acres, but this royalty sale, like the mineral lease, covers only 40 acres of the disputed 120-acre tract. We have no way of knowing what portion of the consideration-.named in this deed *77 was paid for the %2 royalty interest in the 40 acres involved in this suit. In other words, as stated above, the record in this case does not affirmatively show, either by the testimony or by the exhibits, that the value of the property here in contest exceeds $2,000, and hence this court is without appellate jurisdiction.
It is accordingly ordered that this appeal be transferred to the Court of Appeal, Second Circuit, provided that the record is filed in that court within 30 days from the finality of this decree; otherwise the appeal shall be dismissed. Costs incurred in this court are to be paid by appellants.